THOMAS GIBBONS, EXECUTOR OF MARTHA RILEY, *vs.* ISAAC RILEY AND SARAH NICHOLS.—*December* 1848.

The trust confided to an executor, is defined by his letters testamentary, which is the commission under which he acts.

The acts of Assembly prescribed the mode in detail, in which this trust is to be performed.

An admission in an answer, that two persons jointly purchased a slave, does not prove they were joint tenants. The presumption is, that each paid one-half of the purchase money, and were tenants in common.

In such a case, where one of the purchasers dies, the other is not entitled to the whole by survivorship, but the executor of the deceased must account for the moiety of his testator, as of other portions of his personal estate.

APPEAL from the Orphans court of *Montgomery* county.

On the 17th March 1840, the appellees filed their petition, alleging, that *Martha Riley*, sister of the petitioners, died in the year 1838, having previously disposed of a portion of her estate, by last will, of which the appellant was appointed executor; that *M. R.* owned a very large amount of personal property at the time of her death, over and above that which was disposed of by her will, and of which she died intestate; that

the petitioners and her legal heirs, are entitled to two-ninths of such undisposed part; that the appellant has only accounted for the devised property, and unjustly appropriated the residue of the personal estate of the said *Martha*, to his *own sole use,* and refuses to account for the same. Prayer, for an account, relief, &c.

The answer of the appellant admitted the will, &c.; insisted he had made all the returns, &c., which the law required him to make; and then alleged, he was informed, that the deceased and the appellant's wife held some personal estate, jointly, and, at the time of making his will, the testatrix expressly disclaimed her right to dispose of the same, which is in appellant's possession; and, finally, that he had accounted for all the residue of his testatrix's estate, he was bound by law to account for; that there was, and is, a negro man named *Henry*, who, appellant is informed, and believes, was, many years before appellant's intermarriage with *Mary Riley*, sister of *Martha*, bought by the said *Mary* and *Martha*, jointly, but that *Martha* declared, shortly before her death, she had no right to dispose of him, because he was the joint property of herself and sister, and that, upon the death of the said *Martha*, all her interest in the same survived to the appellant, or to him and his wife, *Mary*.

There was proof of the declaration of *Martha* and *Mary Riley*, that the negro in question, was in partnership between them, and that the witness had hired him from *Martha* shortly before her death.

The orphans court, (DAWSON, MAGRUDER and HOLLAND,) decreed, on the 1st December 1847, that the appellant pass a further account of his administration, in which he should be charged with the sum of $187.50, for one-half of the entire value of the negro, at the time of the death of *Martha*, with interest therefrom.

The executor of *Martha Riley* appealed to this court.

The cause was argued before DORSEY, C. J., STEPHEN, MARTIN and FRICK, J.

By R. J. BOWIE for the appellant, and
By McLEAN for the appellees.

SPENCE, J., delivered the opinion of this court.

In *Maryland*, the trust confided to an executor, is clearly set forth and defined by his letters testamentary, which is the commission under which he acts: "administration of all the goods, chattels and credits, of the deceased, is hereby granted and committed unto," &c.

The act of Assembly of 1798, ch. 101, and the supplements thereto, prescribe the mode in detail in which this trust is to be performed.

For the discharge of this trust, his official oath and bond each make him responsible.

The 20th section of the 8th sub chapter, provides, "that the bare naming of an executor in a will, shall not operate to extinguish any just claim which the deceased had against him, but it shall be the duty of every such executor accepting the trust, to give in such claim in the list of debts. The second section of the same sub chapter, provides, "that the orphans court granting the letters, shall have power to make allowance to any collector, executor or administrator, for property of the deceased which hath perished or been lost, without the fault of the party; and no profit shall be made, and no loss shall be sustained, by an executor or administrator, in the increase or decrease of the estate under his management, but the executor, or administrator, shall return an inventory and account for such increase, and may be allowed for such decrease, on the settlement of the final or other account."

The 12th section of the 14th sub chapter of the act of 1798, provides, "that any executor or administrator shall be entitled to appoint a meeting of the creditors, or of persons entitled to distributive shares or legacies, or a residue, on some day, by the court approved, and passage of claims, payment or distribution may be there made, under the court's direction and control.

The 9th section of the same sub chapter, is in the following language: "Forasmuch as it is the intent of the law now in force, as well as this act, that executors and administrators should suffer no loss from the decrease of the estate, and make

no gain from the increase, and that, when necessary for paying debts, a sale shall take place, and the said executor or administrator be accountable for the amount of the sales," &c.

It is our opinion, that the provisions of the act of 1798, ch. 101, and the uniform practice in this State, even before the passage of that act of making executors responsible for any portion of their testator's estate, not disposed of by their wills, and requiring them to make distribution thereof among the legal representatives of their testator, is conclusive against the executor's claim in this case. Vide *Dep. Com. Guide, p.* 50.

There is no evidence in this cause, that the negro man *Henry*, was owned and held by the testatrix, and *Mary*, her sister, now the wife of this executor, in joint tenancy. The admission in the answer, that *Martha* and *Mary* jointly purchased the negro man *Henry*, does not prove that they were joint tenants. The presumption is, that each of them paid one-half of the purchase money for the negro, and were tenants in common thereof.

The executor is not entitled to the half of *Henry*, as executor, or in right of his wife's survivorship. The decree of the orphans court is affirmed, with costs, and the cause remanded to the orphans court for such proceedings as the case may require.

DECREE AFFIRMED, WITH COSTS,
AND CAUSE REMANDED.